# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

MATEO L. A.,

    Petitioner,

v.

KIRSTJEN M. NIELSON et al.,

    Respondents.

Civ. No. 19-6609 (KM)

**MEMORANDUM OPINION**

## KEVIN MCNULTY, U.S.D.J.

The petitioner, Mateo L. A.,[1] is an immigration detainee currently held at the Bergen County Jail, in Hackensack, New Jersey. On February 22, 2019, by his counsel, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.

Petitioner explains that he entered the United States in 2001 and was placed in removal proceedings shortly thereafter. An immigration judge entered a removal order against petitioner *in absentia* on January 3, 2002. Petitioner devotes the bulk of his petition to arguments that this 2001–02 removal process was improper. (*See* DE 1.)

In late 2018, petitioner served five months in jail for an old probation violation. Upon his release on January 4, 2019, he was detained by Immigration and Customs Enforcement ("ICE") for the purpose of removal from this country. Although his attorney sought his release, petitioner alleges that his deportation officer stated that, as he was subject to a final order of removal, he was not eligible for release on bond. Petitioner seeks a bond hearing concerning his detention

---

[1] Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, petitioner is identified herein only by his first name and last initials.

and an order prohibiting his removal from the country until a pending motion to reopen is decided by the Board of Immigration Appeals. (*See* DE 1 ¶ 23.)

Under Rule 4 of the Rules Governing § 2254 Cases (applied in this proceeding under Rule 1(b) of the Rules Governing § 2254 Cases), this Court now examines the petition to determine whether it should be dismissed as plainly unmeritorious. Immigration detention after a removal order has become final is governed by 8 U.S.C. § 1231, which creates a 90-day removal period during which the government must detain persons still awaiting removal. 8 U.S.C. § 1231(a)(1)(A), (a)(2); *Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208, 215 (3d Cir. 2018). Once the 90-day removal period expires, the government may continue to detain, or may release on bond, aliens who are deportable based on various specified grounds, under 8 U.S.C. § 1231(a)(6). *See Zadvydas v. Davis*, 533 U.S. 678, 688–89 (2001).

The Supreme Court of the United States, in *Zadvydas v. Davis*, 533 U.S. 678, held that § 1231 does not authorize indefinite post-removal-period detention. *Id.* at 689. Instead, such detention is limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* The Court further noted that six months would be a "presumptively reasonable" period of post-removal-order detention under § 1231. *Id.* at 701.

In *Guerrero-Sanchez v. Warden York County Prison*, the Court of Appeals for the Third Circuit emphasized "that aliens detained under § 1231(a)(6) are only entitled to a bond hearing after *prolonged* detention." 905 F.3d at 225. That Court further adopted a presumptive "six-month rule," meaning that "an alien detained under § 1231(a)(6) is generally entitled to a bond hearing after six months of custody." *Id.* at 226 (parenthetical omitted).

Here, Petitioner has been in immigration detention for less than two months. His detention is well shy of the six-month duration that will trigger a bond hearing; indeed, his

detention is still within the 90-day period of mandatory detention created by § 1231. Accordingly, petitioner is plainly not entitled at this time to a bond hearing. He may move to reopen this proceeding if he ultimately remains in immigration custody for a period that is unduly prolonged under § 1231.

Petitioner also seeks an order barring his removal from this country because his order of removal is subject to administrative appeal, and therefore non-final. This Court lacks jurisdiction to review the propriety of a removal order or to otherwise enjoin removal. The REAL ID Act so provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter*, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5) (emphasis added). Accordingly, the REAL ID Act effectively strips a District Court of jurisdiction to review a habeas petition challenging an order of removal. *See Urquiaga v. Hendricks*, No. 12-cv-2368, 2012 WL 5304206, at *2 (D.N.J. Oct. 25, 2012) (citing *Khouzam v. Attorney Gen. of United States*, 549 F.3d 235, 244–45 (3d Cir. 2008)); *Jordon v. Attorney Gen. of United States*, 424 F.3d 320, 326 (3d Cir. 2005) ("[T]he [REAL ID] Act expressly eliminated district courts' habeas jurisdiction over removal orders.").

Section 1252(g) of the REAL ID Act, in conjunction with section 1252(a)(5), quoted above, in effect requires that any such stay be sought administratively or in the Court of Appeals:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 [(the All Writs Act)] of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). District Courts across the country have thus found that they are barred from staying removal, even when the court might otherwise have jurisdiction over the claims presented. *See Fermin v. United States*, No. 17-cv-1862, 2018 WL 623645 (D.N.J. Jan. 29, 2018) (finding that "any challenge to the validity of that removal order *or a request for a stay of that Order* could be entertained only by the Court of Appeals"); *Vasquez v. United States*, No. 15-cv-3946, 2015 WL 4619805, at * (S.D.N.Y. Aug. 3, 2015) ("District courts within this Circuit and across the country have routinely held that they lack jurisdiction under § 1252 to grant a stay of removal."); *see also Ingram v. Holder*, No. 12-cv-390, 2012 WL 1339919 (N.D. Ala. Apr. 13, 2012); *Lage v. Chapdelaine*, No. 10-cv-1030, 2010 WL 4688820 (D. Conn. Nov. 10, 2010); *Sanchez v. Florida*, No. 09-cv-1223, 2009 WL 1953002 (M.D. Fla. July 6, 2009); *Watson v. Stone*, No. 13-cv-480, 2013 WL 6072894 (M.D. Ga. Nov. 18, 2013); *Camick v. United States*, No. 16-cv-3030, 2016 WL 8943170 (D. Kan. June 7, 2016); *Tejada v. Cabral*, 424 F. Supp. 2d 296 (D. Mass. 2006); *Sanchez-Ronquillo v. Adducci*, No. 17-cv-11395, 2017 WL 3386318 (E.D. Mich. Aug. 7, 2017); *Cole v. Byam*, No. 11-cv-115, 2011 WL 1166899 (W.D. Mich. Feb. 25, 2011); *Calderon-Rodriguez v. Terry*, No. 12-cv-691, 2013 WL 1897821 (D.N.M. Apr. 30, 2013); *Rosales v. Artus*, No. 10-cv-2742, 2011 WL 3845906 (E.D.N.Y. Aug. 30, 2011); *Eisa v. ICE*,

No. 08-cv-6204, 2008 WL 4223618 (S.D.N.Y. Sept. 11, 2008); *Adames v. Hinton*, No. 16-cv-963, 2016 WL 7386348 (S.D. Ohio); *Guzman v. ICE*, No. C-06-23, 2006 WL 2345995 (S.D. Tex. Aug. 10, 2006).

For the foregoing reasons, the habeas petition will be dismissed upon screening under Rule 4 of the Rules Governing § 2254 Cases (applied to this proceeding under Rule 1 of the Rules Governing § 2254 Cases). An appropriate order will be entered.

DATED: February 28, 2019

KEVIN MCNULTY
United States District Judge